Roy F. ARMSTRONG, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 4964.

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Harold J. Fleming, Dallas, for appellant.

Wm. J. Mayhew, Harry L. Zimmerman, Dallas, for appellee.

## OPINION

WILSON, Justice.

Summary judgment for the City was rendered in its action against defendant property owner to recover the amount due on a paving assessment certificate. Defendant appeals. We affirm.

The pleading of the appellant property owner was that the assessment unconstitutionally deprived him of his property without due process; that in response to his protest at the public hearing before the city council the mayor announced publicly "that the project included garbage collection" on another street adjacent to his property; that the City has refused to collect garbage from this street, and has thereby "nullified its right to collect said assessment."

Affidavits attached to the property owner's answer to the City's motion for summary judgment recited in effect, that he had protested the assessment at the hearing because he desired garbage collection to be made from the rear of his residence, rather than from the street at the front as it had been in the past; that the mayor then stated publicly that the "plans" provided for garbage collection from the street in rear of defendant's house, whereupon objection to the assessment was withdrawn; that the city later refused to collect garbage from the rear, and informed defendant garbage would be collected from the front as before.

Defendant complains that summary judgment was erroneous because fact issues were raised as to whether special benefits resulted to him, and the amount of the assessment exceeded any such benefits. He urges also that there are fact issues, precluding summary judgment, as to whether the conduct of the city amounted to fraud, and whether the assessment was arbitrary, unreasonable or made in bad faith. None of these issues was pleaded.

The material portions of Sec. 9, Art. 1105b, Vernon's Ann.Civ.St. quoted in City of Houston v. Blackbird (Tex.1965) 394 S.W.2d 159 have not been changed since that decision, and they will not be re-copied here.

■ The issues, if pleaded in such a contest as this are whether the city council's acts of "finding benefits" and "determining the amount of the benefits" under Art. 1105b are "arbitrary or the result of fraud". City of Houston v. Blackbird, above. It is the making of these findings (not the making of the assessment, the ordinance levying which is presumed to be valid), which is subject to being set aside. This record negatives as a matter of law existence of a fact issue on these questions. The mere fact that defendant preferred the location of his garbage collection to be changed from front to rear of his house does not militate against this holding. That fact does not relate to whether his property received special benefits from the improvements or the amount thereof.

Defendant's pleadings and affidavits establish that the public hearing was on April 18, 1966. The assessment ordinance was adopted two weeks later. There is nothing in the record to show the City failed to collect garbage as defendant requested or desired until three years later, April 23, 1969, when he was notified the City had decided the "only safe, sensible solution" was to collect waste from the street on which defendant's house fronts. Defendant's pleadings and the record establish the proceedings were otherwise regular and plaintiff is entitled to judgment.

Whether the city collected or announced its intention to collect garbage from front or rear of defendant's house, or whether it collected it at all, does not affect validity of the assessment, or due process requirements in making it.

If the city had explicitly announced at the hearing its refusal to collect garbage from the rear of defendant's property, he

would be in no better position on the only issues subject to review. The record establishes that he was only interested in the site of garbage collection, a factor which could not have affected the question of existence or amount of special benefits resulting from the *improvements*, as distinguished from the *use* the City made of these improvements.

The refusal of the City to collect refuse from the rear of defendant's property may, or may not be the basis for some cause of action. We are not called on to decide that question. We do decide it is not a defense in this case to plaintiff's cause of action.

It is the duty of the trial court to sustain a motion for summary judgment and to save the time, trouble and expense of a trial when the record establishes as a matter of law that there is no genuine issue of material fact and movant is entitled to judgment, Rule 166–A, Texas Rules of Civil Procedure; and the court should not hesitate to perform this duty, as was done here. The action was correct. Affirmed.